McKinney, J.
delivered the opinion of the court.
The bill of indictment in this ease contained two counts. The first count is framed upon the twenty-eighth section of the penal code, and charges the defendant with stealing a bay mare, the property of John Johnson. The second count is upon the act of 1842, ch. 48, sec. 1, and charges that the defendant on &c., at &c., “ did then and there unlawfully and feloni-ously obtain and get into possession one bay mare, of the value of seventy dollars, the property of said John Johnson, by the means of falsely and fraudulently pretending that he, the said James Amos, wanted the said mare to plough with, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State.”
The defendant below was acquitted upon the first count, and convicted upon the latter. The defendant moved for a new trial, and also in arrest of judgment; both of which motions were overruled, and judgment rendered that he be confined in the penitentiary for the term of three years, &c. From which judgment an appeal in error was prosecuted to this court.
We think the judgment is erroneous, upon two grounds.
First: The proof is not sufficient to establish the felonious intent necessary to constitute the offence created by the statute. Without stopping to comment upon the evidence, the simple fact proved, that, after riding the *118 mare a few miles to the house of a relative, the defendant pulled off the bridle and turned the mare out, with the avowed purpose that the animal should return home to its proper owner, declaring, at the same time, that said Johnson was the owner, we think is altogether sufficient to negative the felonious intent charged.
The second ground is, that the count upon which the conviction was had, is éssentially defective. Passing, for the present, the question as to the form in which the alledged false pretence is set forth in the indictment; the material defect in the count is, that it does not negative the “pretence” therein stated. This must be done by special averment, and the omission is fatal to the indictment. 2 M. & S. 379, 386; Arch. Cr. Pl. 245, 247. The judgment must be reversed, and, upon the latter ground, arrested.